**IN THE COURT OF APPEALS OF IOWA**

No. 18-2177
Filed March 6, 2019

**IN THE INTEREST OF N.K.,**
**Minor Child,**

**C.H., Mother,**
　　　Appellant.
_____

　　　Appeal from the Iowa District Court for Chickasaw County, David F. Staudt,

Judge.

　　　A mother appeals the termination of her parental rights to her minor child.

**AFFIRMED.**

　　　Thais Ann Folta of Miller, Pearson, Gloe, Burns, Beatty & Parrish, P.L.C.,

Decorah, for appellant mother.

　　　Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney

General, for appellee State.

　　　Andrew Thalacker of Juvenile Public Defender's Office, Waterloo, guardian

ad litem for minor child.

　　　Considered by Doyle, P.J., and Mullins and McDonald, JJ.

**MULLINS, Judge.**

The mother appeals the termination of her parental rights to N.K., born in November 2015. The child was removed from the parents' care in August 2017 due to the death of N.K.'s sibling. The Iowa Department of Human Services (DHS) placed N.K. in foster care, where N.K. remained at the time of the termination hearing. A hair-stat test of N.K. tested positive for methamphetamine, as did hair-stat tests of the parents. The parents were arrested in late October in connection with the death of N.K.'s sibling. They remained incarcerated at the time of the termination hearing. The juvenile court adjudicated N.K. to be a child in need of assistance in February 2018 due to the child's positive test for methamphetamine. The State filed a petition to terminate parental rights in July. The juvenile court subsequently terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(h) and (i) (2018). The mother appeals.[1]

We review termination-of-parental-rights proceedings de novo. *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018). "We are not bound by the juvenile court's findings of fact, but we do give them weight, especially in assessing the credibility of witnesses." *Id.* (quoting *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014)). "Our primary concern is the best interests of the child." *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).

The juvenile court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(h) and (i). "When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order

---

[1] The juvenile court also terminated the father's parental rights under Iowa Code section 232.116(h) and (i). He does not appeal.

on any ground we find supported by the record." *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). Paragraph (h) allows the court to terminate parental rights if it finds all of the following have been established by clear and convincing evidence:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

Iowa Code § 232.116(1)(h). On appeal, the mother does not dispute the establishment of the first three elements of paragraph (h). The mother also seemingly does not challenge the fourth element, as she does not contend N.K. could have been returned to her care at the time of the termination hearing. *See id.* § 232.116(1)(h)(4); *see also In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (interpreting the statutory language "at the present time" to mean the time of the termination hearing). Instead, she argues that her indigency prevented her from bonding out of jail and participating in the programs and services DHS required for reunification. In failing to challenge the statutory ground upon which her parental rights were terminated, the mother waives error. *See* Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue."); *Hyler v. Garner*, 548 N.W.2d 864, 870 (Iowa 1996) ("[O]ur review is confined to those propositions relied upon by the appellant for reversal on appeal."). The mother does not challenge whether termination is in the best interests of the child and does not contend any statutory exceptions to termination

apply, therefore we need not consider those issues.  *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).

To the extent the mother is challenging the juvenile court's denial of her request for additional time to work toward reunification, Iowa Code section 232.104(2)(b) allows the juvenile court to continue the placement of a child for an additional six months if the court finds "the need for removal . . . will no longer exist at the end of the additional six-month period."  On our review of the record, we concur with the juvenile court that "there was no [evidence] that [the mother] would necessarily be available within the next six months let alone at the present time to be a custodial parent."  We therefore decline to grant an extension.  Accordingly, we affirm the juvenile court's termination of the mother's parental rights.

**AFFIRMED.**